IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-00606-PSF

JAMES PALS,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.

---

## ORDER ON SOCIAL SECURITY APPEAL

---

This matter is before the Court on Plaintiff's Complaint (Dkt. # 1), seeking judicial review of the final decision of the Commissioner of  Social Security denying his application for disability insurance benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*  The matter has been fully brief and counsel for the parties appeared before the Court for oral argument on December 13, 2006.  The Court having heard the arguments and reviewed the submissions of counsel and the Administrative Record ("AR") now enters the following Order.

## I.  BACKGROUND

Plaintiff James Pals appeals from the decision of the Commissioner denying disability insurance benefits.  The Commissioner's decision became final on March 8, 2006 when the Appeals Council found no reason to review the Administrative Law Judge's ("ALJ") decision of September 14, 2005.  AR 6.  Plaintiff timely filed his appeal in this Court on April 3, 2006 (Dkt. # 1).  The Social Security Administrative Record was

filed on June 5, 2006 (Dkt. # 8).  The Court has jurisdiction to review the final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

Mr. Pals filed his claim for benefits on July 13, 2004, claiming an onset date of June 30, 2000.  AR 93.  In his Disability Report, Mr. Pals explained that he has spinal stenosis, which limits his ability to work.  AR 105.  He claims his condition results in pain when he stands or walks, that he must take naps on his left side three times a day, and needs to use one or two canes.  AR 106.  He stopped working on June 30, 2000 because he claims he was unable to work, stand or walk for extended periods and because drugs created forgetfulness.  *Id.*  Mr. Pals claims that he "[c]ouldn't manage the projects any longer" and he was apparently asked to leave his employment.  *Id.*  Mr. Pals was born on September 25, 1940, making him 59 years old at the date of onset. AR 48, 93.

### A.  Medical Record

The voluminous medical record is adequately described in the ALJ's written opinion of September 14, 2005.  AR 26-28.  Specific medical evidence will be discussed as relevant below.  In sum, Mr. Pals first hurt his back while working in 1998. Since that time, he has received care for low back pain.  He has also received medical treatment for gout.  At the hearing before the ALJ, Mr. Pals also testified as to arthritis in his hands and memory loss.  AR 56-58, 63.

### B.  The ALJ's Decision

At the hearing on August 18, 2005, Mr. Pals was represented by counsel.  AR 45.  A vocational expert ("VE"), Deborah Christensen, testified as well as the plaintiff.

2

AR 46.  The ALJ issued his written decision denying benefits on September 14, 2005.
AR 20.

In his written decision, the ALJ denied plaintiff's application for benefits at step

four of the five-step sequential evaluation process.  AR 30.  In reaching this

determination, the ALJ first determined that Mr. Pals has not engaged in substantial

gainful activity since June 30, 2000, the alleged date of onset.  AR 24.  He next found

that Mr. Pals suffers from small disc herniation at L4-5 without stenosis, occasional

gout and obesity, which constitute severe impairments.  *Id.*  In comparing plaintiff's

severe impairments to the listed impairments of Appendix 1 of the Social Security

Regulations, the ALJ found that none matched the criteria of any listed impairment.

AR 25.  The ALJ also noted there is no specific listing for obesity, and instead this

severe impairment is to be "assessed as to its impact on a claimant's other

impairments."  *Id.*

Turning to plaintiff's residual functional capacity ("RFC"), the ALJ determined

that Mr. Pals can

> lift and carry up to twenty pounds occasionally and ten pounds frequently,
> sit thirty minutes at a time for a total of four hours out of an eight hour day
> and stand and walk thirty minutes at a time for a total of four hours out of
> an eight hour day.  He requires the use of a cane for ambulation in the
> work place.  The claimant is able to occasionally stoop, crouch, push,
> pull, climb and drive an automobile.  The claimant needs to avoid
> hazards, such as work at heights, and work in the extreme cold.

AR 30.  This determination was made after considering plaintiff's daily activities; the

nature, location, onset, duration, frequency, radiation, and intensity of any pain;

precipitating and aggravating factors; type, dosage, effectiveness and adverse side

3

effects of any pain medication; treatment other than medication for pain relief; other measures used to relieve pain or symptoms; and any other factors concerning functional limitations and restrictions.  AR 25.

Although the ALJ found that Mr. Pals met his burden under *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), to show by objective medical evidence an impairment that could produce the pain or symptoms alleged, the ALJ also found that support for plaintiff's allegations "as to the frequency, intensity and persistence of these symptoms is lacking in the record."  AR 29.  Specifically, the ALJ concluded that plaintiff's "statements concerning his impairments and their impact on his ability to work are not entirely credible in light of the claimant's own description of his activities and lifestyle, discrepancies between the claimant's assertions and information contained in the documentary reports, the reports of the treating and examining practitioners and the findings made on examination."  AR 26.

The ALJ noted that Mr. Pals testified he makes breakfast on an average morning for his wife and himself, does laundry, rests, fixes lunch, does errands such as shopping, swimming and aerobic exercises, and works on the computer.  AR 28-29. Such activities "speak to a level of functioning considerably greater than that alleged." AR 29.  Further, objective medical evidence shows only minor disc bulging and mild stenosis, which the ALJ found to be inconsistent with plaintiff's claim of debilitating pain.  AR 29.  No objective clinical findings supported plaintiff's allegation of memory loss.  *Id.*     Pursuant to SSR 02-1p, the ALJ considered plaintiff's obesity's impact on his other impairments.  Finding that plaintiff's obesity "clearly has an impact on [his]

4

functioning," the ALJ also determined that "it does not impact the claimant's functioning beyond the residual functional capacity set forth below." AR 30. In other words, the RFC determined by the ALJ "takes into account all of the claimant's impairments and their impacts, singly and in combination." *Id.*

The VE testified that plaintiff's past relevant work–as an insurance agent and as a registered representative–is either light or sedentary in exertion. The ALJ determined that this past work "does not require the performance of work activities precluded by his medically determinable impairments." AR 30. Thus, Mr. Pals is able to perform is past relevant work, and is not disabled within the meaning of the Social Security Act. *Id.*

## II. PLAINTIFF'S APPEAL

Mr. Pals claims that the ALJ erred at step four, in finding him able to perform past relevant work. Pl.'s Op. Br. at iii, 10-18. Specifically, he alleges that the ALJ failed to include licensing requirements, did not ask Mr. Pals about ability for his past work, and ignored VE testimony that the past work would not be available when including handling restrictions, mental impairments and rest breaks. *Id.* at 10. Mr. Pals also claims that the ALJ ignored treating physician opinions that constituted substantial evidence of disability, and that the RFC determination is inconsistent with treating physician opinions. *Id.* at iii, 23-25.

## III. STANDARD OF REVIEW

When a court reviews the Commissioner of Social Security's decision to deny social security benefits, it may neither reweigh the evidence nor substitute its

judgment for that of the Commissioner.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir.

2001).  The court's job is to decide whether substantial evidence in the record supports

the Commissioner's factual findings as a whole and whether the Commissioner applied

the correct legal standards.  *Id.*; *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d

1027, 1028 (10th Cir. 1994).

Substantial evidence is defined as more than a scintilla, but less than a

preponderance; is it such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.  *See*, *e.g.*, *Soliz v. Chater*, 82 F.3d 373, 375 (10th

Cir. 1996); *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989).  Put another way,

if other evidence in the record overwhelms the Commissioner's determination, or if only

a mere scintilla of evidence supports the decision, it is not based on substantial

evidence.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  The

Commissioner's decision may also be reversed for application of the wrong

legal standard.  *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citing *Frey v.

Bowen*, 816 F.2d 508, 512 (10th Cir. 1987)).

## IV. ANALYSIS

### A.  Nonsevere Impairments

Mr. Pals first contends that the ALJ failed to consider his nonsevere impairments

in determining his RFC.  Pl.'s Op. Br. at 11-12; *see also* 20 C.F.R. § 404.1545(e) ("[W]e

will consider the limiting effects of all your impairment(s), even those that are not

severe, in determining your [RFC].").  Specifically, Mr. Pals alleges that the ALJ failed

to consider his mental impairments and handling limitations.  Pl.'s Op. Br. at 11-12.

However, the ALJ's opinion adequately addresses both of these nonsevere impairments.  First, the ALJ noted plaintiff's normal testing on a formal mini mental status evaluation, and determined that plaintiff's complaints "are not in line with the objective clinical findings."  AR 29.  Second, the ALJ evaluated plaintiff's self-reported activities of daily living and determined that such functioning is much greater than that alleged.  *Id.*  In other words, plaintiff's alleged restrictions–handling and otherwise–were not as debilitating as Mr. Pals described.  In light of the ALJ's opinion and questioning during the hearing, the Court cannot say that the RFC is not supported by substantial evidence.

Mr. Pals also apparently contends that the ALJ erred in not finding a severe mental impairment at step two, claiming that "there is no discussion of mental functionality at all, so the finding of nonseverity is not a proper application of legal principle."  Pl.'s Op. Br. at 12.  At step two, a claimant has the burden to "demonstrate an impairment or combination of impairments that significantly limits the claimant's ability to do basic work activity."  *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (citing 20 C.F.R. § 404.1520(c)).  Although step two requires only a "de minimis" showing of impairment, *id.*, "the claimant must show more than the mere presence of a condition or ailment."  *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)).  If the severity of a claimant's impairments is so slight that they could not interfere with the claimant's ability to do basic work activities, they do not constitute severe impairments at step two.  *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).

7

Here, the ALJ determined that Mr. Pals had not met his burden to show that he suffered from a mental impairment severe enough to interfere with his ability to do basic work activities. *See* AR 24, 29. Thus, the ALJ did not reach his burden under 20 C.F.R. § 404.1520a(b)(2), which requires an ALJ, after finding a medically determinable mental impairment, to "rate the degree of functional limitation resulting from the impairment(s)." Here, the ALJ did not have any basis in the record for finding a severe mental impairment where the evidence cited by plaintiff involved biofeedback therapy to assist plaintiff's pain, *see* AR 590-611, and psychotherapy treatment and a psychological report, neither of which supported a finding of any severe mental impairment. *See* AR 623-31. Plaintiff's cited evidence to support his alleged memory impairment only reveals self-reported memory problems. Pl.'s Op. Br. at 13-14 (citing AR 44, 63, 135, 219, 220, 224, 227). Thus the ALJ's determination at step two regarding plaintiff's alleged mental impairments is sufficiently supported by the record as no clinical evidence supports a finding to the contrary.

### B. Effect of Obesity on RFC

Mr. Pals claims that the ALJ erred in finding that obesity did not further reduce the RFC. Pl.'s Op. Br. at 12 (citing AR 30). Mr. Pals cites to medical evidence in the record showing that treatment providers consistently told him to lose weight, to diet, to exercise and to change medications to lose weight. *Id.* at 12-13 (citing AR 237, 266, 330, 488, 499, 552, 554, 558). However, such evidence supports the ALJ's finding of obesity as a severe impairment, but does not necessarily dictate that plaintiff's functioning should be reduced further than that supported by other medical evidence.

8

The ALJ found that "the claimant's obesity clearly has an impact on [his] functioning." AR 30.  Thus, plaintiff's obesity was properly taken into account, and plaintiff does not point to medical evidence in the record to support a different RFC based on his obesity. Without reweighing the evidence, the Court finds that the ALJ's determination regarding the effect of plaintiff's obesity on his RFC is sufficiently supported by the record.

### C.  Past Relevant Work Determination

Mr. Pals contends that the ALJ erred in determining that Mr. Pals could perform his past relevant work where such work–as an insurance salesman/registered agent–requires a professional license.  Pl.'s Op. Br. at 13.  According to Mr. Pals, he cannot obtain the required licensing due to his memory problems.  *Id.* (citing AR 44, 64-66, 135).  As discussed above, however, plaintiff's memory problems are self-reported and not supported by medical evidence in the record.  Further, although the VE testified that she would "greatly reduce[]" the numbers of available jobs if he could not obtain certain licensing, AR 72, she did not testify that such a job would not be available at all.  Moreover, under SSR 05-1c, "a claimant who remains physically and mentally able to perform his or her past relevant work will be found not disabled . . . , regardless of whether that previous work exists in the national economy."  This administrative interpretation was upheld by the Supreme Court in *Barnhart v. Thomas*, 540 U.S. 20 (2003).  *See also* 20 C.F.R. § 404.1560(b)(3) ("If we find that you have the [RFC] to do your past relevant work, we will determine that you . . . are not disabled. We will not consider . . . whether your past relevant work exists in significant numbers

in the national economy.").  Here, the ALJ determined that Mr. Pals remains physically

and mentally able to perform his past relevant work, and therefore the significant

reduction in numbers of available jobs–assuming Mr. Pals cannot obtain a new

license–is irrelevant.

For the same reasons just explained, plaintiff's allegation that the ALJ failed to

properly consider the licensing requirements for the composite job–an insurance

salesman/registered agent–does not state a basis for remand.  *See* Pl.'s Op. Br. at 14-

15.  Mr. Pals again alleges that because his license lapsed due to memory problems,

the ALJ should have determined the work demands of both occupations.  *Id.* at 15.

However, the VE actually testified that only some of the positions would require

additional licensing.  AR 71.  Regardless, as stated above, there was no finding–nor

a basis for finding–that Mr. Pals could not obtain a license due to any mental

impairments.

Mr. Pals claims the ALJ erred in failing to make findings regarding the mental

demands of his past relevant work.  Pl.'s Op. Br. at 14.  Specifically, because Mr. Pals

is approaching retirement age, it cannot be found that his skills are transferable unless

there is very little vocational adjustment required in terms of tools, work processes,

work settings or the industry, and claimant's skills are highly marketable.  *Id.* (citing

*Emory v. Sullivan*, 936 F.2d 1092 (10th Cir. 1991)).  However, under 20 C.F.R.

§ 404.1560(b)(3), a claimant who is found able to do past relevant work will be found

not disabled without consideration of "vocational factors or age, education and work

experience." Therefore the ALJ's alleged failure to consider his age and transferable skills is not error.

Mr. Pals claims that the failure to make findings regarding the mental demands of his past relevant work is also error pursuant to SSR 96-8p. Pl.'s Op. Br. at 16. Mr. Pals is correct that in determining whether a claimant can return to his past relevant work, an "ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work." *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996). However, the ALJ here specifically stated that he considered "the job requirements of the claimant's past relevant work as the claimant himself described this work." AR 30. The ALJ also considered "in particular the job requirements of the claimant's past relevant work as described in the Dictionary of Occupational Titles." *Id.* Thus, the ALJ has properly evaluated the demands of plaintiff's past work, particularly in light of the ALJ's determination that Mr. Pals had no medically determinable mental impairment.

Mr. Pals contends that the failure to inquire is also error because the ALJ has a duty to ask the claimant about the work demands of his past relevant work. Pl.'s Op. Br. at 17. However, applicable case law is not as broad as Mr. Pals describes it. Under *Winfrey*, an ALJ "must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" 92 F.3d at 1024 (quoting SSR 82-62). Here, the ALJ obtained adequate factual information through plaintiff's own submitted documentation. *See* AR 106, 117-25, 127-34. The ALJ specifically found that the mental and physical demands of plaintiff's past relevant work did not exceed plaintiff's RFC. AR 30. There are no necessary findings missing

from this record, and thus the ALJ has not failed in his duty to develop the record as to the demands of plaintiff's past relevant work.

### D. Treating Physician Opinions

Mr. Pals contends that the ALJ's reason for rejecting a treating physician opinion from Dr. Carson was "bad." Pl.'s Op. Br. at 19. The ALJ rejected Dr. Carson's March 2005 opinions as internally inconsistent, finding that the determination that plaintiff was disabled was inconsistent with the simultaneous finding that plaintiff could lift and carry 20 pounds, drive one hour, walk 15 minutes, stand 15 minutes, sit one hour and not climb. AR 28; *see also* AR 585. The ALJ also rejected Dr. Carson's August 2005 opinion, which is simply a form Dr. Carson filled out on the basis of plaintiff's self-reported answers. AR 28; *see* AR 635. Mr. Pals points to no authority for finding such reasons "bad" or inadequate to support rejection of the opinions in these circumstances. Moreover, the ALJ clearly contemplated the objective medical records, such as MRIs, CT scans and clinical examinations, in determining plaintiff's RFC, contrary to plaintiff's claim. *See* Pl.'s Op. Br. at 21 (claiming that rejection of Dr. Carson's opinion ignores the medical records). Such evidence is discussed in the ALJ's written opinion, and the specific restrictions imposed by plaintiff's RFC are based on this medical evidence. AR 26-28, 30. Although Mr. Pals correctly characterizes the rejected opinions as "medical evidence," Pl.'s Op. Br. 21, it is precisely the type of medical evidence that this Court is not permitted to reweigh. *See e.g. Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

12

Mr. Pals also claims as error the ALJ's use of Dr. Sacha's records in finding Mr. Pals not credible. Pl.'s Op. Br. at 21-22. Specifically, Dr. Sacha did not treat the whole person, and thus the ALJ improperly relied upon his records to find Mr. Pals not credible. *Id.* "Credibility determinations are peculiarly the province of the finder of fact, and [courts] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Here, Dr. Sacha's reports only constituted part of the ALJ's reasons for finding Mr. Pals not credible. The ALJ also relied on medical evidence showing that plaintiff's condition is improving, medical evidence undermining plaintiff's claim of memory impairment, and plaintiff's own description of daily living activities. AR 29.

Moreover, Mr. Pals fails to cite any authority for rejecting Dr. Sacha's opinions on the basis that he did not treat the whole person. Mr. Pals points to Dr. Kinsman's findings, which state that plaintiff's "pain behavior during the exam was generally consistent with his report of present pain," AR 629, as a basis for rejecting Dr. Sacha's findings. Pl.'s Op. Br. at 22-23. Although a different balance between Dr. Sacha and Dr. Kinsman might conceivably be struck by another factfinder, a district court may neither reweigh the evidence nor substitute its discretion for that of the ALJ. *See e.g. Kelley*, 62 F.3d at 337. Moreover, even without Dr. Sacha's opinion, the record reflects substantial evidence supporting the ALJ's credibility determination.

Finally, Mr. Pals alleges that the ALJ "failed to provide a good reason for not finding treating physician evidence controlling." Pl.'s Op. Br. at 24. However, this argument is essentially a restatement of his earlier claims. Mr. Pals again points to Dr.

13

Carson's opinions, some of which were validly considered and rejected in the ALJ's written opinion.  The ALJ only rejected Dr. Carson's opinions to the extent that they claimed that Mr. Pals was disabled or were based only on plaintiff's subjective complaints.  AR 28.  Mr. Pals provides no authority for finding that these reasons are not specific and legitimate, as required by applicable regulations.  *See Frey*, 816 F.2d at 513.  Moreover, the ALJ accepted other treating physicians' opinions in determining plaintiff's RFC, and thus did not impermissibly favor consulting physician testimony. The ALJ's RFC determination is supported by sufficient evidence in the record, including records from Dr. Carson.

## V.  CONCLUSION

For the reasons set forth above, the Court finds that the record contains substantial evidence supporting the conclusion that plaintiff is not disabled within the meaning of the Social Security Act and the Commissioner's decision is AFFIRMED.

DATED: December 18, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge